Filed 5/15/23  P. v. Milkovits CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. RYAN ANDREW MILKOVITS, Defendant and Appellant. | D080994 (Super. Ct. No. SCD283646) |

APPEAL from a judgment of the Superior Court of San Diego County, Desiree Bruce-Lyle, Judge.  Affirmed as modified.

Jill M. Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

Ryan Andrew Milkovits appeals, contending that any unpaid portion of the criminal justice administration fee and restitution fine collection fee imposed at sentencing should be vacated.  As the People concede, we agree

these fees must be vacated, order the judgment modified, and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Milkovits pled guilty in December 2019 to one count of unlawfully selling or furnishing a controlled substance (Health & Saf. Code, § 11352, subd. (a)) and possession of a controlled substance (Health & Saf. Code § 11350). At sentencing, the trial court placed Milkovits on three years of formal probation and imposed various fines and fees, including a $154 criminal justice administration fee under Government Code section 29550.1 and a 10 percent restitution fine collection fee under former Penal Code section 1202.4, subdivision (*l*).

After Milkovits's probation was revoked on July 1, 2021, the court imposed one-year custody and two-years supervision. At a July 28, 2022 contested revocation hearing, the court found Milkovits in violation of the terms of his mandatory supervision, imposed the remaining unserved term of 255 days, and lifted the stay on the previously imposed fines and fees. Milkovits appealed.[1]

## DISCUSSION

Milkovits contends, and the People concede, that any portion of Milkovits's criminal justice administration fee unpaid as of July 1, 2021, and any remaining restitution collection fee must be vacated. We agree.

---

[1]    As required by Penal Code section 1237.2, Milkovits moved the trial court to delete the balance due on the criminal justice administration and restitution collection fees. (See Pen. Code, § 1237.2 [appeal based on erroneous fees may not be taken until defendant makes a motion in writing for correction in the trial court].) Because the court found it lacked jurisdiction to delete the fees, it denied the motion.

As of July 1, 2021, the statutory provision pursuant to which the court previously ordered Milkovits to pay the criminal justice administration fee was repealed (see former Gov. Code, § 29550.1), and Government Code section 6111 became effective. That statute provides "the unpaid balance of any court-imposed costs pursuant to . . . Section[] 29550.1 . . . as th[at] section[] read[s] on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).) Similarly, the restitution collection fee the court originally issued pursuant to Penal Code section 1202.4 is no longer authorized. Penal Code section 1465.9, subdivision (b) struck the fee, rendering the balance "on and after January 1, 2022" of any court-imposed costs pursuant to section 1202.4 "unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."

The plain language of these recently enacted statutes dictates that any remaining unpaid balance of the criminal justice administration fee and restitution collection fee is now unenforceable, uncollectible, and the portion of the judgment imposing such costs must be vacated. (Gov. Code, § 6111, subd. (a); Pen. Code, § 1465.9, subd. (b); *People v. Greeley* (2021) 70 Cal.App.5th 609, 625–627 [vacating unpaid balance of criminal justice administration fee].)

## DISPOSITION

The trial court is directed to vacate the portion of the judgment imposing any balance of the $154 criminal justice administration fee that was unpaid before July 1, 2021, and any balance of the 10 percent restitution

3

collection fee that was unpaid before January 1, 2022, and to amend the judgment accordingly.  In all other respects, the judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


CASTILLO, J.

4